**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 03:53 PM July 28, 2017**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHRISTINA HICKS, | ) | CASE NO. 16-60628 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | |

Debtor moved to reopen her case under 11 U.S.C. § 350(b). No objections were filed. Complying with the court's request, Debtor filed a memorandum in support of her motion on July 26, 2017.

Subject matter jurisdiction of this matter is premised on 28 U.S.C. § 1334 and the general order of reference entered by the United States District Court for the Northern District on April 4, 2012. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(O). Under 11 U.S.C. § 1409, venue in this court is proper.

## FACTS

Debtor filed a chapter 7 case on March 30, 2016. She did not pay the filing fee with the petition. Instead, she requested authority to pay the filing fee by installments. The court granted her request, ordering her to make one $335.00 installment payment by no later than July 14,

1

2016.

Debtor failed to timely pay the installment. On July 15, 2016, the court issued a show cause order regarding the unpaid fee. Debtor did not respond and the court dismissed her case on August 2, 2016. No discharge was entered. The no-asset case closed on September 2, 2016.

On June 25, 2017, fifteen months after filing and nearly eleven months after dismissal, Debtor paid the $335.00 fee and filed a motion to reopen her case.

## **DISCUSSION**

Relying on 11 U.S.C. § 350(b), Debtor contends that reopening would accord her relief, specifically a discharge. She urges the court to exercise its discretion in her favor, contending it supports the policy of providing her with a fresh start. She also states that there is no prejudice to creditors because the case was a no-asset case and no one objected to discharge. She says that this is not a situation where reopening is futile.

Debtor overlooks the underlying reason she did not receive a discharge, the dismissal of the case for the failure to pay the filing fee. If the case is reopened, it needs to be reinstated before further action is taken. On these facts, courts generally view the matter as a motion to reconsider the dismissal order under Bankruptcy Rule 9024. In re Dorff, 480 B.R. 919 (Bankr. E.D. Wis. 2012); In re Moore, 2015 WL 6125310 (Bankr. D.C. 2015) (unpublished). Unfortunately for Debtor, the cases are not favorable.

In Dorff, the court dismissed the case for the failure to pay the filing fee on August 29, 2012. The debtor moved to reinstate the case twelve days later and paid the fee in full. The court denied the motion, citing the debtor's failure to prove excusable neglect after failing to be convinced of her explanation.

Moore is more analogous to the fact pattern in this case. The case was dismissed for failure to pay the fee and Debtor moved to reopen approximately one year later. The court denied on grounds that the motion was untimely, concluding such motions have to be made within a reasonable time and demonstrate excusable neglect. It also opined that the "[d]ismissal order . . . has been in effect for more than a year, and . . . setting aside an order dismissing a bankruptcy case would have potentially enormous, highly disruptive, and unintended consequences." Moore, 2015 WL 6125310, *2 (citation omitted).

Debtor's argument that there is no prejudice to creditors is gratuitous. Neither the court nor Debtor have any idea what the creditors have done in the ten months since the case was dismissed. Creditors listed in the case may have sold or transferred the debt, could have moved, or any number of other scenarios may complicate getting notice of the discharge to the proper parties. This is not a casual consideration and certainly entitled to more cogitation than Debtor provided.

Another damning case is Butler v. U.S. Bankr. Ct., 2007 WL 951871 (N.D. Ala. 2007).

Although it does not discuss Rule 9024 and the facts are highly unusual, it speaks to the near sanctity of filing fees. The case was dismissed for nonpayment and the debtor moved to reinstate less than two weeks after dismissal. The court denied the motion, even after learning that the fee was overpaid, because it was a month late. "Appellants do not claim that they did not receive the notices of non-payment from the court, and do not offer any real excuse for the month-long failure to pay the filing fees which were due at the time the petition was filed." Id. at *2.

Synthesizing the cases, the germane inquiry is the reason for the delay. Debtor must not only provide an explanation for not paying the fee, but also explain her ten month delay in moving to reopen the case. She has not satisfactorily explained either and therefore cannot demonstrate excusable neglect or a basis for reinstatement. Ultimately, this failure does make reopening futile.

Additionally, Debtor has not addressed the mandates of Bankruptcy Rule 1006, governing installment payments. Rule 1006(b)(2) speaks to the time frame for installment payments:

> The number of installments shall not exceed four, and the final installation shall be payable not later than 120 days after filing the petition. For cause shown, the court may extend the time of any installment, provided that the last installment is paid not later than 180 days after filing the petition.

Bankruptcy Rule 9006(b)(3) makes the 180 day period absolute. "The court may enlarge the time for taking action under Rules 1006(b)(2) . . . only to the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 9006(b)(3). Consequently, the court had no authority to extend the date of the final installment past September 26, 2016.

Discharges are not favors given for attending a party. Discharges are the result of a debtor timely and thoroughly fulfilling the duties and responsibilities set forth in the Bankruptcy Code and Rules. Allowing debtors to continually ignore their obligations, only to later seek to avoid the repercussions, creates a culture of only performing obligations if it is convenient. The court cannot condone, and will not foster, this culture.

Debtor's motion to reopen will be denied by separate order to be entered immediately.

#     #     #

**Service List:**

3

Christina Hicks
1714 Clark Ave. SW
Canton, OH 44706

Pauline Aydin Shuler, Esq.
1603 Market Ave. N.
Canton, OH 44714

Lisa M. Barbacci
PO Box 1299
Medina, OH 44258-1299